# EXHIBIT A

21STCV40063
Electronically FILED by Superior Court of California, County of Los Angeles on 11/01/2021 12:16 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez, Deputy Clerk

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SOUTHWEST AIRLINES CO., a Texas corporation; and Does 1 through 25; inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KARINA ISABEL VELASQUEZ, an individual,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanely Mosk Courthouse
111 North Hill Street, Fourth Floor
Los Angeles, CA 90012

CASE NUMBER: *(Número del Caso):*
21STCV40063

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joseph A. Lepera; Lepera + Associates, PC; 601 Montgomery Street - Suite 665, San Francisco, CA 94111; (415) 362-2529

DATE: *(Fecha)* 11/01/2021

Clerk, by *(Secretario)* Sherri R. Carter Executive Officer / Clerk of Court
H. Flores-Hernandez, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:
   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ] [ Save this form ] [ Clear this form ]

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Serena Murillo

Electronically FILED by Superior Court of California, County of Los Angeles on 11/01/2021 12:16 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez,Deputy Clerk

JOSEPH A. LEPERA (SBN 207615)
PATRICK A. HORMILLOSA (SBN 293000)
DONEL R. LOPEZ (SBN 323744)
LEPERA + ASSOCIATES, PC
601 Montgomery Street – Suite 665
San Francisco, California 94111
Telephone: (415) 362-2529
Facsimile: (415) 362-9022
Email: joseph@leperalaw.com
Email: patrick@leperalaw.com
Email: donel@leperalaw.com

Attorneys for Plaintiff
KARINA ISABEL VELASQUEZ

**IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF LOS ANGELES**

**UNLIMITED JURISDICTION**

| | |
|---|---|
| KARINA ISABEL VELASQUEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO., a Texas corporation; and Does 1 through 25; inclusive,<br><br>Defendants. | Case No.: **21STCV40063**<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES:**<br><br>(1) Battery;<br>(2) Assault; and<br>(3) Intentional Infliction of Emotional Distress.<br><br>**JURY TRIAL DEMANDED** |

//
//
//
//
//
//

1

*Karina Isabel Velasquez v. Southwest Airlines Co., et al.*
**PLAINTIFF'S COMPLAINT FOR DAMAGES**

Plaintiff KARINA ISABEL VELASQUEZ, on personal knowledge as to her own actions, and on the information and belief as to the actions and conduct of all other parties, alleges as follows:

**PARTIES AND JURISDICTION**

1. At all times relevant to this action Plaintiff KARINA ISABEL VELASQUEZ (hereinafter "Plaintiff") is, and at all relevant times mentioned herein, an adult female, residing in the City of Henderson, County of Clark, State of Nevada.

2. Defendant SOUTHWEST AIRLINES CO. (hereinafter "Defendant") was, and at all times mentioned herein, a Texas Corporation, doing business in the State of California.

3. This Court has jurisdiction over this action and is the proper venue for this action under Code of Civil Procedure section 395(a) because most of the facts, acts, events, and circumstances herein mentioned and described occurred in the City of Los Angeles, County of Los Angeles, State of California.

4. Plaintiff does not know the true names of the Defendants sued herein as Does 1 through 25, inclusive, and has therefore sued them by the above names which are fictitious. Plaintiff will amend this complaint by inserting true names in lieu of the fictitious names, when true names are ascertained. Plaintiff is informed, believes, and alleges that each of the defendants designated in this complaint as a Doe is responsible and liable to Plaintiff in some manner for the events, happenings, and contentions referred to in this compliant.

5. The acts, omissions, conduct, contracts, promises and violations of the law herein alleged, were done, made performed or to be performed in substantial part in the City of Los Angeles, County of Los Angeles, State of California.

6. Plaintiff names Defendants herein, and each of them, because Plaintiff is in doubt and does not know exactly from which of said Defendants Plaintiff is entitled to redress and whether the injuries and damages to Plaintiff herein alleged were caused by the combined negligence of all Defendants or by the concurrent, or successive and separate negligence of Defendants, and/or one or more of them. For that reason, Plaintiff names all of said Defendants and asks that the Court determine the liability of each and all of said Defendants in this action

1 and to what extent and what responsibility falls upon each of the said Defendants, and that the
2 Court award judgment to Plaintiff as against such or all of the Defendants, either jointly or
3 severally, as may be found liable.

**GENERAL ALLEGATIONS**

5  7. On or about May 19, 2021, Plaintiff and her husband, Blake Harrison ("Mr.
6 Harrison"), were passengers on Defendant's airplane, Southwest Flight #3225. The airplane was
7 docked at Los Angeles International Airport and was scheduled to depart from Los Angeles,
8 California and land in Las Vegas, Nevada.

9  8. Plaintiff and Mr. Harrison boarded the plane and took their seats. Both Plaintiff
10 and Mr. Harrison were wearing face masks that fully covered their noses and mouths in
11 compliance with CDC guidelines. Plaintiff and Mr. Harrison also possessed proof of negative test
12 results for the COVID-19 virus. Finally, Plaintiff and Mr. Harrison possessed at least three (3)
13 additional masks in their carry-on luggage in the event that a different mask was necessary.

14  9. After Plaintiff and Mr. Harrison took their seats, Defendant's flight attendant
15 walked up to them and informed Plaintiff and Mr. Harrison that Mr. Harrison was not wearing
16 the proper facial coverings pursuant to Defendant's policies. Plaintiff and Mr. Harrison stated
17 that they had tested negative for the COVID-19 virus and offered to show proof of the negative
18 COVID-19 test results. Plaintiff and Mr. Harrison also showed Defendant's flight attendant their
19 three (3) additional masks offered to either switch Mr. Harrison facial covering or to wear two
20 masks as the same time. Despite Plaintiff's and Mr. Harrison's attempts to cooperate,
21 Defendant's flight attendant demanded that Plaintiff and Mr. Harrison exit the plane.

22  10. Plaintiff and Mr. Harrison gathered their belongings, left their seats, and began to
23 walk down the aisle of the plane towards the front exit.

24  11. As she began to walk down the aisle of the plane, Plaintiff was carrying her phone
25 in her hand. Plaintiff's phone had a ring-shaped grip attached to the back of her phone which
26 prevents Plaintiff from accidentally dropping her phone. At the time, Plaintiff's middle finger on
27 her right hand was inside the ring-shaped grip.

12. As Plaintiff and Mr. Harrison exited the plane, Defendant's flight attendant suddenly and violently grabbed and removed Plaintiff's phone out of her hand without Plaintiff's consent. The force of Defendant's flight attendant's conduct severely sprained Plaintiff's wrist and resulted in cuts to her thumb.

13. Plaintiff retrieved her phone and exited the plane into the LAX terminal. Plaintiff immediately spoke with a Southwest supervisor and LAPD officers regarding Defendant's flight attendant's actions. Plaintiff subsequently filed a police report with the LAPD.

14. Plaintiff is required to attend physical therapy sessions approximately twice a week to treat and heal her sprained wrist. Plaintiff's physical therapist confirmed that there was no timetable for recovery. Plaintiff's primary care physician also confirmed that her wrist may never recover to one hundred percent (100.0%) because the nature of Plaintiff's work required the repetitive use of her hand and wrist. Plaintiff is a personal trainer and professional acrobat/exotic dancer. As a result of her injury, Plaintiff has been unable to perform work as a personal trainer or acrobat/exotic dancer due to her injury, which resulted in significant lost income.

15. Prior to the above-described incident, Plaintiff had recently completed long term emotional counseling, as she is a former assault victim. Defendant's actions caused Plaintiff to relapse and triggered her post traumatic stress disorder, causing Plaintiff to suffer severe emotional distress. Plaintiff is currently attending emotional counseling approximately once per week to treat her emotional distress.

### FIRST CAUSE OF ACTION
**Battery**
(Against All Defendants)

16. Plaintiff incorporates herein by reference each of the allegations in Paragraphs 1 through 15 above, as fully set forth herein.

17. To establish a claim for battery, a plaintiff must show all of the following: (1) that the defendant touched the plaintiff or caused the plaintiff to be touched with the intent to harm or offend them; (2) that the plaintiff did not consent to the touching; and (3) that the plaintiff

4

*Karina Isabel Velasquez v. Southwest Airlines Co., et al.*
**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  was harmed by the defendant's conduct. (CACI No. 1300.)

2      18.    Further, an employer is liable for the wrongful acts of its employees, particularly when the employee is acting within the scope of their employment. (*See* Cal. Civ. Code § 2338; *see also* CACI No. 3701.)

    19.    Here, Defendant's flight attendant touched Plaintiff with the intent to harm or offend her when Defendant's flight attendant suddenly, and without Plaintiff's consent, grabbed and twisted Plaintiff's phone out of her hand. At no point in time prior did Plaintiff provide her consent to be touched by Defendant's employee.

    20.    At the time, Defendant's flight attendant was acting within the scope of her employment with Defendant as Defendant's flight attendant on Southwest Flight #3225.

    21.    As a direct and proximate result of the above reference acts and omissions by Defendants, Plaintiff has suffered actual, special, and general damages, all to her detriment in amounts to be determined at trial.

### SECOND CAUSE OF ACTION
**Assault**
(Against All Defendants)

    22.    Plaintiff incorporates herein by reference each of the allegations in Paragraphs 1 through 21 above, as fully set forth herein.

    23.    To establish a claim for assault, a plaintiff must show all of the following: (1) that the defendant acted with intent to cause harmful or offensive contact; (2) that the plaintiff reasonably believed that they were about to be touched in a harmful or offensive manner; (3) that the plaintiff did not consent to the defendant's conduct; (4) that the plaintiff was harmed; and (5) that the defendant's conduct was a substantial factor in causing the plaintiff's harm. (CACI No. 1301.)

    24.    Further, an employer is liable for the wrongful acts of its employees, particularly when the employee is acting within the scope of their employment. (*See* Cal. Civ. Code § 2338; *see also* CACI No. 3701.)

    25.    Here, Defendant acted with the intent to cause harmful or offensive contact when

Defendant's employee suddenly, and without Plaintiff's consent, grabbed and twisted Plaintiff's phone out of her hand. Plaintiff reasonably believed that she would be harmed by Defendant's actions due to the sudden and violent nature in which Defendant grabbed Plaintiff's phone and hand, which resulted in a severe wrist sprain and cuts to Plaintiff's thumb. At no point in time did Plaintiff consent to Defendant's conduct.

26. At the time, Defendant's flight attendant was acting within the scope of her employment with Defendant as Defendant's flight attendant on Southwest Flight #3225.

27. As a direct and proximate result of the above reference acts and omissions by Defendants, Plaintiff has suffered actual, special, and general damages, all to her detriment in amounts to be determined at trial.

### THIRD CAUSE OF ACTION
**Intentional Infliction of Emotional Distress**
(Against All Defendants)

28. Plaintiff incorporates herein by reference each of the allegations in Paragraphs 1 through 27 above, as fully set forth herein.

29. To establish a claim for intentional infliction of emotional distress, a plaintiff must show all of the following: (1) that the defendant's conduct was outrageous; (2) that the defendant intended to cause the plaintiff emotional distress or acted with reckless disregard of the probability that the plaintiff would suffer emotional distress; (3) that the plaintiff suffered severe emotional distress; and (4) that the defendant's conduct was a substantial factor in causing the plaintiff's severe emotional distress. (CACI No. 1600.)

30. Further, an employer is liable for the wrongful acts of its employees, particularly when the employee is acting within the scope of their employment. (*See* Cal. Civ. Code § 2338; *see also* CACI No. 3701.)

31. Defendant's conduct, as described above, constituted outrageous conduct in that it exceeded all bounds of common decency usually tolerated by a civilized society. Passengers entrust airlines with their safety, and a reasonable person would expect an airline to train their

1  employees to ensure that the passengers remain unharmed. Moreover, a flight attendant is
2  entrusted with providing customer service and assistance to the passengers of a plane, and a
3  reasonable person would not expect a flight attendant to cause them any physical or emotional
4  harm. More importantly, Plaintiff was complying with Defendant's requests to exit the plan and
5  was not causing any disturbances. Despite Plaintiff's cooperation, Defendant's flight attendant
6  suddenly and violently grabbed and removed Plaintiff's phone out of her hand without Plaintiff's
7  consent.

8      32.    At the time, Defendant's flight attendant was acting within the scope of her
9  employment with Defendant as Defendant's flight attendant on Southwest Flight #3225.

10     33.    Defendant engaged in the acts hereto described deliberately and intentionally in
11 order to cause Plaintiff severe emotional distress.  Alternatively, Plaintiff alleges that such
12 conduct was done in reckless disregard of the probability of said conduct causing severe
13 emotional distress.

14     34.    As a direct, foreseeable and proximate result of Defendant's actions, Plaintiff has
15 suffered and continues to suffer humiliation, embarrassment, mental and emotional distress and
16 discomfort, all to Plaintiff's damage in an amount in excess of the minimum jurisdiction of this
17 court, the precise amount to be proven at trial.

18     35.    Defendant committed the acts alleged herein maliciously, fraudulently and
19 oppressively, with the wrongful intention of injuring Plaintiff and acted with an improper and
20 evil motive amounting to malice and in conscious disregard of Plaintiff's rights.  Because the acts
21 taken towards Plaintiff were carried out in a despicable, deliberate, cold, callous and intentional
22 manner, in order to injure and damage Plaintiff, she is entitled to recover punitive damages from
23 Defendant, in an amount according to proof.

24     WHEREFORE, PLAINTIFF KARINA ISABEL VELASQUEZ prays for relief as follows:
25     1.    For general damages according to proof at trial;
26     2.    For medical expenses and non-economic damages (general damages)
27     according to proof at trial;

3. For costs of suit herein;

4. For pre-judgment and post-judgment interest pursuant to Cal. Code Civ. Proc. § 3291 according to proof at trial;

5. For punitive damages, according to proof at trial; and

6. For such relief as the Court may deem proper.

DATED: November 1, 2021                    Respectfully Submitted,

LEPERA + ASSOCIATES, PC

By: *[signature: Joseph Lepera]*

Joseph A. Lepera
Attorneys for Plaintiff
KARINA ISABEL VELASQUEZ