1 | Richard A. Lazenby (State Bar No.: 202105)
Email: rlazenby@victorrane.com
2 | Natasha Mikha Pardasani (State Bar No.: 270731)
Email: npardasani@victorrane.com
3 | Jacqueline D. DeWarr (State Bar No. 207265)
Email: jdewarr@victorrane.com
4 | Nicole A. Poltash (State Bar No. 323420)
Email: npoltash@victorrane.com
5 | VICTOR RANE
9350 Wilshire Blvd., Suite 308
6 | Beverly Hills, California 90212
Telephone: (310) 388-4849
7 | Facsimile: (310) 388-4869

8 | Attorneys for Defendants
SOUTHWEST AIRLINES CO.

-and-

Joseph A. Lapera, Esq. (State Bar No.: 207615)
Email: joseph@leperalaw.com
Patrick A. Hormillosa, Esq. (State Bar No.: 293000)
Email: patrick@leperalaw.com
Donel R. Lopez, Esq. (State Bar No.: 323744)
Email: donel@leperalaw.com
LEPERA + ASSOCIATES, PC
601 Montgomery Street, Suite 665
San Francisco, CA 94111
Telephone: (415) 362-2529
Facsimile: (415) 362-9022

Attorneys for Plaintiff
KARINA ISABEL VELASQUEZ

**NOTE: CHANGES MADE BY THE COURT**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARINA ISABEL VELASQUEZ, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> SOUTHWEST AIRLINES CO., a Texas corporation; and Does 1 through 25; inclusive, <br><br> Defendants. | Case No.: 2:22-cv-00309-FWS-JPR <br><br> **STIPULATED PROTECTIVE ORDER** |

1. INTRODUCTION

    1.1 PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3 below, that this Order does not entitle them to file Confidential Information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

    1.2 GOOD CAUSE STATEMENT

This case arises from the alleged assault and battery of Plaintiff while onboard Southwest Airlines flight 3225 from Los Angeles to Las Vegas on May 19, 2021. To facilitate productive discovery, the parties need to exchange documents, items, and information of private, confidential, and/or proprietary nature. Prior to production, no party can effectively evaluate the claims of the other as to the need for protection. Thus, a means that enables the production of documents at least to the point of evaluating the asserted need for protection, as well as an order specifying how such documents need to be treated, is required in this case. Moreover, pursuant to the terms of this Order, any document designated as confidential where that designation is disputed can be identified as such and the matter submitted to the Court for resolution.

/ /

In the absence of this Order, the Court would have to evaluate many documents individually, and this task would burden the Court's processes and slow discovery. As to those documents that are entitled to production, disclosure of such confidential information is likely to prejudice the legitimate business, competitive, and/or privacy interests of parties, or of third parties.

A protective order is thus needed in this action to enable the documents to be evaluated and to protect against unauthorized disclosure of confidential information and to ensure that such information will be used only for purposes of this action. A protective order will also expedite the flow of discovery materials, protect the integrity of truly confidential information, promote the prompt resolution of disputes over confidentiality, and facilitate the preservation of material worth of protection.

2. <u>DEFINITIONS</u>

    2.1    <u>Action</u>: this pending federal lawsuit.

    2.2    <u>Challenging Party</u>: a Party or Nonparty that challenges the designation of information or items under this Order.

    2.3    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

    2.4    <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

    2.5    <u>Designating Party</u>: a Party or Nonparty that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

    2.6    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including,

/ /

among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.8 <u>House Counsel</u>:  attorneys who are employees of a Party to this Action, or employees of an insurer of a party to this action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 <u>Nonparty</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 <u>Outside Counsel of Record</u>:  attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, including support staff.

2.11 <u>Party</u>:  any Party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 <u>Producing Party</u>:  a Party or Nonparty that produces Disclosure or Discovery Material in this Action.

2.13 <u>Professional Vendors</u>:  persons or entities that provide litigation support services (for example, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15 <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

/ /

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above) but also: any information copied or extracted from Protected Material; all copies, excerpts, summaries, or compilations of Protected Material; and any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial will be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice, or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time under applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1   Each Party or Nonparty that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (for example, to unnecessarily encumber the case-development

1  process or to impose unnecessary expenses and burdens on other parties) may
2  expose the Designating Party to sanctions.
3        If it comes to a Designating Party's attention that information or items it
4  designated for protection do not qualify for that level of protection, that
5  Designating Party must promptly notify all other Parties that it is withdrawing the
6  inapplicable designation.
7        5.2   Except as otherwise provided in this Order (see, for example, second
8  paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,
9  Disclosure or Discovery Material that qualifies for protection under this Order
10 must be clearly so designated before the material is disclosed or produced.
11       Designation in conformity with this Order requires the following:
12     (a)  for information in documentary form (for example, paper or electronic
13 documents, but excluding transcripts of depositions or other pretrial or trial
14 proceedings), the Producing Party must affix at a minimum, the legend
15 "CONFIDENTIAL" to each page that contains Protected Material.  If only a
16 portion or portions of the material on a page qualify for protection, the Producing
17 Party must clearly identify the protected portion(s) (for example, by making
18 appropriate markings in the margins).
19         A Party or Nonparty that makes original documents available for
20 inspection need not designate them for protection until after the inspecting Party
21 has indicated which documents it would like copied and produced.  During the
22 inspection and before the designation, all material made available for inspection
23 must be treated as "CONFIDENTIAL."  After the inspecting Party has identified
24 the documents it wants copied and produced, the Producing Party must determine
25 which documents, or portions thereof, qualify for protection under this Order.
26 Then, before producing the specified documents, the Producing Party must affix
27 the "CONFIDENTIAL" legend to each page that contains Protected Material.  If
28 only a portion or portions of the material on a page qualify for protection, the

Producing Party also must clearly identify the protected portion(s) (for example, by making appropriate markings in the margins).

(b)  for testimony given in depositions, the Designating Party must identify the Disclosure or Discovery Material that is protected on the record, before the close of the deposition.

(c)  for information produced in some form other than documentary and for any other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information warrant protection, the Producing Party, to the extent practicable, must identify the protected portion(s).

5.3   If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for that material.  On timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   Any Party or Nonparty may challenge a designation of confidentiality at any time that is consistent with the Court's scheduling order.

6.2   The Challenging Party must initiate the dispute-resolution process (and, if necessary, file a discovery motion) under Local Rule 37.

6.3   The burden of persuasion in any such proceeding is on the Designating Party.  Frivolous challenges, and those made for an improper purpose (for example, to harass or impose unnecessary expenses and burdens on other parties), may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties must continue to afford the material in question the level of protection to which it is

/ /

entitled under the Producing Party's designation until the Court rules on the challenge.

7.  **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Nonparty in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of people and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a manner sufficiently secure to ensure that access is limited to the people authorized under this Order.

7.2  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to the following people:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of that Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

/ /

/ /

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses and attorneys for witnesses to whom disclosure is reasonably necessary, provided that the deposing party requests that the witness sign the form attached as Exhibit A hereto and the witnesses will not be permitted to keep any confidential information unless they sign the form (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed on by any of the Parties engaged in settlement discussions or appointed by the Court.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification must include a copy of the subpoena or court order unless prohibited by law;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification must include a copy of this Order; and

/ /

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order will not produce any information designated in this action as "CONFIDENTIAL" before a determination on the protective-order request by the relevant court unless the Party has obtained the Designating Party's permission. The Designating Party bears the burden and expense of seeking protection in that court of its Confidential Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. <u>A NONPARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Nonparty in this Action and designated as "CONFIDENTIAL." Such information produced by Nonparties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Nonparty from seeking additional protections.

(b) In the event that a Party is required by a valid discovery request to produce a Nonparty's Confidential Information in its possession and the Party is subject to an agreement with the Nonparty not to produce the Nonparty's Confidential Information, then the Party must:

(1) promptly notify in writing the Requesting Party and the Nonparty that some or all of the information requested is subject to a confidentiality agreement with a Nonparty;

(2) promptly provide the Nonparty with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

/ /

1   (3)  make the information requested available for inspection by the Nonparty, if requested.

(c)  If the Nonparty fails to seek a protective order within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Nonparty's Confidential Information responsive to the discovery request.  If the Nonparty timely seeks a protective order, the Receiving Party must not produce any information in its possession or control that is subject to the confidentiality agreement with the Nonparty before a ruling on the protective-order request.  Absent a court order to the contrary, the Nonparty must bear the burden and expense of seeking protection in this Court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately: notify the Designating Party in writing of the unauthorized disclosures; use its best efforts to retrieve all unauthorized copies of the Protected Material; inform the person or people to whom unauthorized disclosures were made of the terms of this Order; and ask that person or people to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure

1  of a communication or information covered by the attorney-client privilege or
2  work product protection, the parties may incorporate their agreement in the
3  stipulated protective order submitted to the court provided the Court so allows.
4  12.  **MISCELLANEOUS**
5   12.1 Nothing in this Order abridges the right of any person to seek its
6  modification by the Court.
7   12.2 By stipulating to the entry of this Order, no Party waives any right it
8  otherwise would have to object to disclosing or producing any information or item
9  on any ground not addressed in this Order. Similarly, no Party waives any right to
10 object on any ground to use in evidence of any of the material covered by this
11 Order.
12  12.3 A Party that seeks to file under seal any Protected Material must
13 comply with Civil Local Rule 79-5. Protected Material may be filed under seal
14 only pursuant to a court order authorizing the sealing of the specific Protected
15 Material at issue.  If a Party's request to file Protected Material under seal is
16 denied, then the Receiving Party may file the information in the public record
17 unless otherwise instructed by the Court.
18 13.  **FINAL DISPOSITION**
19  Within 60 days after the final disposition of this Action, as defined in
20 paragraph 4, each Receiving Party must return all Protected Material to the
21 Producing Party or destroy such material.  As used in this subdivision, "all
22 Protected Material" includes all copies, abstracts, compilations, summaries, and
23 any other format reproducing or capturing any of the Protected Material.  The
24 attorney for the Receiving Party shall collect, assemble and return all Protected
25 Material or, if electing to destroy, all Protected Material in any form (physical or
26 digital) must be completely and permanently removed and destroyed from any and
27 all locations, including physical files, portable drives, computers or their devices,
28 email storage/accounts (including phones), backup locations (both physical and

cloud-based) and shadow copies.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline in substantially the form attached hereto as Exhibit B.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

14.  <u>SANCTIONS</u>

Any willful violation of this Order may be punished by civil or criminal contempt, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: <u>April 25, 2022</u>

/s/ Patrick A. Hormillosa
Joseph A. Lapera
Patrick A. Hormillosa
Donel R. Lopez
LEPERA + ASSOCIATES, PC
Attorneys for Plaintiff
KARINA ISABEL VELASQUEZ

DATED: <u>April 25, 2022</u>

/s/ Jacqueline D. DeWarr
Richard A. Lazenby
Natasha Mikha Pardasani
Jacqueline D. DeWarr
Nicole A. Poltash
VICTOR RANE
Attorneys for Defendant
SOUTHWEST AIRLINES CO.

*All signatories concur in the filing's content and have authorized this filing.*

1  FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

3  DATED: 4/27/2022

_____
HON. JEAN P. ROSENBLUTH
U.S. MAGISTRATE JUDGE

STIPULATED PROTECTIVE ORDER
CASE NO.: 2:22-CV-00309-FWS-JPR
- 14 -

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [**full name**], of _____ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the U.S. District Court for the Central District of California on _____ [**date**] in the case of *Karina Isabel Velasquez v. Southwest Airlines Co. et al.*, Case No. 2:22-cv-00309-FWS-JPR.

I agree to comply with and to be bound by all terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment, including contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the U.S. District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____

EXHIBIT B

CERTIFICATION OF RETURN AND/OR DESTRUCTION OF CONFIDENTIAL INFORMATION

I, _____ [print or type full name], counsel for the Receiving Party, affirm that all Protected Material received in the above-captioned case has been returned and/or destroyed. I further affirm that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material, except archival copies of pleadings, motion papers, trial, deposition, and hearing transcriptions, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, some of which may contain Protected Material. To the extent these archival copies contain Protected Material, the Protected Material is controlled by the Protective Order in the case of *Karina Isabel Velasquez v. Southwest Airlines Co. et al.*, Case No. 2:22-cv-00309-FWS-JPR.

Dated: _____   By: _____
                                                            Name: